913 A.2d 666

**Carol Lynn HART**

v.

**SUBSEQUENT INJURY FUND.**

**No. 312, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

Dec. 29, 2006.

**160**

Peter M. Callegary, Towson, for appellant.

Edward W. Goldsmith (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel HOLLANDER, EYLER, DEBORAH S., and BARBERA, JJ.

EYLER, DEBORAH S., J.

Carol Lynn Hart, the appellant, challenges the judgment of the Circuit Court for Kent County affirming, on judicial review, a decision of the Workers' Compensation Commission ("Commission") in favor of the Subsequent Injury Fund ("SIF"), the appellee. She presents two questions for review, which we have combined and reworded:

> Did the circuit court err in ruling that she was barred from pursuing a claim against the SIF by a settlement of her claim previously approved by the Commission?

For the following reasons, we shall affirm the judgment of the circuit court.[1]

## FACTS AND PROCEEDINGS

Hart suffered a work-related injury on November 30, 1997. On July 2, 1998, she filed a claim with the Commission against her employer and its insurer. She was represented by counsel.

On September 30, 2002, Hart impleaded the SIF. Two months later, on December 3, 2002, she entered into an "Agreement of Final Compromise and Settlement" ("Settlement Agreement"). The Settlement Agreement was filed with the Commission on December 10, 2002, and was approved by it (with one modification not here relevant) on January 10, 2003.

Notwithstanding the settlement, Hart attempted to proceed with her claim against the SIF. On July 15, 2004, the Commission held a hearing on the issue whether the settlement barred Hart from proceeding against the SIF. On July 21, 2004, the Commission issued an order ruling that "the claim against the [SIF] is barred by virtue of the Agreement of Final Compromise and Settlement."

Unhappy with the Commission's decision, Hart filed an action for judicial review, in the Circuit Court for Kent County. The SIF participated as the respondent. It filed a

---

1.  The questions presented, as worded by Hart, are:
    1.  Whether in light of the remedial and beneficial nature of the workers' compensation statute the claimant after having impled the fund should be forever barred from exercising her potential rights against the fund when the settlement with the employer alone fails to affirmatively inform the claimant that she would forever lose her rights against the fund.
    2.  Whether in light of the preclusive effect of Labor and Employment Article & 9–722(d)(2) the Workers' Compensation Commission upon reviewing an Agreement of Final Compromise and Settlement wherein the fund has been impled by the claimant must require that the claimant affirmatively waive or reserve their rights to proceed against the fund on the record or by affidavit prior to approving such a settlement.

motion for summary judgment asserting that the material facts were not in dispute and that it was entitled to judgment in its favor, as a matter of law. It attached the Settlement Agreement and related documents. Hart filed an opposition asserting that she was not informed in the Settlement Agreement or in any other way that the settlement would affect her right to proceed against the SIF, and therefore the court should deny the motion for summary judgment and remand the case to the Commission for further proceedings.

The court granted the SIF's summary judgment motion. Hart noted a timely appeal to this Court.

We shall include additional facts as necessary to our discussion.

## DISCUSSION

The parties to the Settlement Agreement are Hart, her employer, and her employer's insurer. The Settlement Agreement (which is a form document) states in recitals that Hart filed a claim with the Commission due to a work-related injury suffered on or about November 30, 1997; that the employer and insurer deny the allegations in the claim and have disputed several issues; but that, notwithstanding their disputes, they have reached an agreement "for a final compromise and settlement of any and all claims which the Claimant ... might now or could hereafter have under the provisions of the [Workers' Compensation Act] against the Employer and/or the Insurer[.]"

The Settlement Agreement then sets forth its terms. It states the amount the employer and insurer will pay to Hart, in addition to previous compensation already paid, and states by means of release language what Hart is giving up as her consideration for the settlement. The release language is as follows:

The Claimant hereby accepts the said agreement and the aforesaid payment(s) in final compromise and settlement of any and all Claims which the Claimant, his or her personal representative, dependents, wife and children or any other

parties who might become beneficiaries under the [Workers' Compensation Act], might now or could hereafter have under the provisions of the said Law, arising out of the aforesaid injury or disablement or disability resulting therefrom, and does hereby, on behalf of himself or herself and all of said parties, release and forever discharge the Employer and Insurer, their personal representatives, heirs, successors and assigns, from all other claims of whatsoever kind which might or could arise under the said Law from the said injury, disablement or disability.

The Commission prints a "Guide Form" (Form H–07) that is to be made part of a proposed final compromise and settlement agreement. The Guide Form lists a series of questions, to which the claimant or his or her attorney make a written response, and then sign. One of the questions is, "Is there any potential S.I.F. liability in this case?" That question was answered affirmatively on Hart's Guide Form, which she and her attorney both signed.

Finally, the Commission prints an "Affidavit" that it requires be made when there has been a request for "testimony waived" at the hearing to approve the settlement. The Affidavit lists understandings the claimant has about his or her rights with respect to the settlement. Of relevance here, the Affidavit states:

. . . . If the Final Compromise Agreement is approved by the Commission, the claimant has no right of a hearing or any appeal . . .

\*　　\*　　\*　　\*　　\*　　\*

. . . . If the Final Compromise Agreement is approved the claimant cannot come back to the Commission and cannot return to the employer and insurer for any additional medical care or treatment, medical fees or expenses, or compensation for permanent disability or temporary total disability for this case will have been considered Finally Settled and Closed excepting the fact that employer and insurer will pay casually [sic] related medical expenses up to

the date of the acceptance of the Final Compromise Agreement . . .

\* \* \* \* \* \*

The claimant fully understands the within Final Compromise and Settlement forever closes his/her case and understanding all of the aforementioned he request [sic] the Commission to Approve the Final Compromise and Settlement Agreement . . .

In this case, Hart signed the Affidavit before a notary public, but not under oath.

In its summary judgment motion, the SIF argued that Hart's claim against it is barred by Md.Code (1991, 2002 Repl.Vol.), section 9–722 of the Labor and Employment Article ("LE"). That statute, which is entitled "Claim settlement," states, in pertinent part:

(a) *In general.*—Subject to approval by the Commission under subsection (b) of this section, after a claim has been filed by a covered employee . . ., the covered employee . . . may enter into an agreement for the final compromise and settlement of any current or future claim under this title with:

(1) the employer;

(2) the insurer of the employer;

(3) the Subsequent Injury Fund; or

(4) the Uninsured Employers' Fund.

\* \* \* \* \* \*

(d) *Effect.*—(1) When approved by the Commission, a final compromise and settlement agreement is binding on all of the parties to the agreement.

(2) *Unless the Commission orders otherwise, a final compromise and settlement agreement between a covered employee . . . and the employer or its insurer precludes*

> *the right of the covered employee ... to proceed against the Subsequent Injury Fund on the claim.*

(Emphasis added.)

The SIF argued that the material facts were not in dispute and that, under section 9–722(d)(2), Hart's claim against it was barred unless ordered otherwise by the Commission upon approval of the settlement. The Commission's approval did not preserve that claim. Therefore, as a matter of law, Hart could not pursue her claim against it.

In opposition to the motion for summary judgment, Hart argued that she had informed the Commission in her Guide Form that she had a claim pending against the SIF; that she did not affirmatively or in any other way give up her rights against the SIF; and that it was incumbent upon the Commission itself to "either insure that the Claimant/Appellant's right to proceed further against the [SIF] was preserved or to affirmatively inform her that by signing the proposed Agreement she would finally and forever give up her rights against the [SIF]."

On appeal, Hart advances the same arguments she made below.

We review an order granting a motion for summary judgment *de novo*. *Tyma v. Montgomery County*, 369 Md. 497, 504, 801 A.2d 148 (2002); *Clarence W. Gosnell, Inc. v. Hensley*, 156 Md.App. 224, 230, 846 A.2d 469 (2004). Summary judgment should only be granted when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Md. Rule 2–501(e); *Bradley v. Fisher*, 113 Md.App. 603, 610, 688 A.2d 527 (1997). If there is no genuine dispute of material fact, we determine whether the circuit court's ruling was proper as a matter of law. *Beatty v. Trailmaster Prods., Inc.*, 330 Md. 726, 737, 625 A.2d 1005 (1993); *Clarence W. Gosnell, supra*, 156 Md.App. at 231, 846 A.2d 469.

At issue in this case is a question of law, specifically the construction of the above mentioned "Claim settlement"

provision of the Workers' Compensation Act ("The Act"). LE § 9–722. We construe the Act liberally, resolving all ambiguities in favor of the claimant. Md.Code (1991, 2002 Repl.Vol.); LE § 9–102 (strict construction not applicable); *Philip Elec. N.A. v. Wright*, 348 Md. 209, 216, 703 A.2d 150 (1997). However, we "may not create ambiguity or uncertainty in the Act's provisions where none exists so that a provision may be interpreted in favor of the injured claimant." *Ametek, Inc. v. O'Connor*, 364 Md. 143, 155, 771 A.2d 1072 (2001) (citation omitted). If the statutory language is "clear and unambiguous," and consistent with both the broad purposes of the legislation, and the specific purpose of the provision being interpreted, our inquiry is at an end. *Philip Elec. N.A., supra*, 348 Md. at 217, 703 A.2d 150. Whether the language of a statute is ambiguous is also a question of law. *Wyatt v. State*, 169 Md.App. 394, 403, 901 A.2d 271 (2006).

Finally, the decisions of the Commission are presumed to be correct and will be reversed only upon a showing of an "erroneous construction of the law or facts." *Martin v. Beverage Capital Corp.*, 353 Md. 388, 402, 726 A.2d 728 (1999). Thus, we give due deference to the Commission's own interpretation of the statute it administers. *Clarence W. Gosnell, supra*, 156 Md.App. at 232, 846 A.2d 469.

The "Claim settlement" provision of the Act, LE section 9–722, provides a means by which disputed claims can be resolved without further litigation. By requiring the Commission to approve any such settlement agreement, the Act aims to protect a claimant from entering into an "illusory or woefully inadequate compromise." *B. Frank Joy Co. v. Isaac*, 333 Md. 628, 643, 636 A.2d 1016 (1994) (quoting Richard P. Gilbert and Robert L. Humphreys, Jr., *Maryland Workers' Compensation Handbook*, § 7.10, at 149–50).

The language of LE section 9–722(d)(2) is not ambiguous. It states expressly that,

[u]nless the Commission orders otherwise, a final compromise and settlement agreement ... precludes the right of the covered employee ... to proceed against the Subsequent Injury Fund on the claim.

LE § 9–722(d)(2). The language of the statute thus provides for an automatic waiver of a claim against the SIF upon the Commission's approval of a settlement agreement, absent an order to the contrary. There is no dispute in this case that the Commission's order of January 10, 2003, approving the settlement, did not provide any exemption from this provision.

There is no requirement under LE section 9–722 that the claimant be advised that she is giving up these potential claims. The implementing regulation under this provision merely provides:

> [T]he Commission may not approve an agreement for final compromise and settlement without a hearing unless the agreement is accompanied by the notarized affidavit of the claimant, on the form prescribed by the Commission, waiving the hearing.

Md.Code Regs. § 14.09.01.19(E). In this case, Hart waived a hearing and, as discussed above, attached a notarized Affidavit using the Commission's form acknowledging, among other things, that her case would "forever close[ ]" as a result of the agreement. Hart argues in her brief that, because the Affidavit form used by the Commission did not explicitly state that she was waiving her claim against the SIF, she "never properly waived her rights to proceed against the [SIF]." [2] However, despite any imprecision in the Affidavit form she signed, Hart

---

**2.** In her brief, Hart notes that in September of 2003, after she signed the "Final Compromise and Settlement Agreement," the Commission revised the Affidavit form it uses. The new form, titled "Claimant's Affidavit in Support of Settlement" (Form WCCH–05), includes the following language absent from the form signed by Hart:

> I ask the Workers' Compensation Commission to approve the settlement of my claim and in support of this request state: ... 2. that in so doing I am giving up the following rights: ... c. the right, except as provided, if at all, in this settlement, to be compensated, under certain conditions, by the Subsequent Injury Fund for permanent impairments incurred before the accidental injury or occupational disease which gave rise to my claim[.]

Hart has included the new version of the form in the record extract, even though it is not in the records of the Commission or the circuit court. It is therefore unclear whether this new form was ever intro-

is charged with knowledge of the underlying law. *See Allers v. Tittsworth,* 269 Md. 677, 686, 309 A.2d 476 (1973).

Furthermore, Hart's argument that the Guide Form provided the Commission with notice that she intended to pursue a claim against the SIF is unavailing. The Guide Form merely reflected that "potential SIF liability" existed; it was not a request by Hart for the Commission to preserve her claim against the SIF. The Guide Form appears to be intended to inform the Commission of the potential claims the claimant is waiving under the settlement agreement to assist the Commission in determining whether the agreement is fair. In this case, the Commission approved the agreement, with slight modification, despite Hart's affirmative answer to the question about potential SIF liability.

The plain language of the statute expressly precludes Hart's claim against the SIF in this case. The circuit court's order granting summary judgment to the SIF and affirming the Commission's decision was proper as a matter of law.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY THE APPELLANT.**

duced into evidence prior to this appeal. In any event, it does not alter the outcome in this case.